SO ORDERED.

Dated: August 23, 2010

REDFIELD T. BAUM, SR
U.S. Bankruptcy Judge

TIFFANY & BOSCO
P.A.
2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-18895

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

IN RE:

Jason Kenneally
Debtor.

Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc.
Movant,
vs.

Jason Kenneally, Debtor, Russell A. Brown, Trustee.

Respondents.

No. 2:09-BK-20674-RTB

Chapter 7

ORDER

(Related to Docket #24)

Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated June 26, 2006 and recorded in the office of the MARICOPA County Recorder wherein Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. is the current beneficiary and Jason Kenneally has an interest in, further described as:

> LOT 6, OF WEST GLENN ESTATES, ACCORDlNG TO THE PLAT OF RECORD IN THE OFFICE OF THE
> COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 489 OF MAPS, PAGE
> 35 AND CERTIFICATE OF CORRECTION RECORDED AS 99-0571398, OF OFFICIAL RECORDS.

IT IS FURTHER ORDERED that Movant may contact the Debtor by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtors personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.